UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MICHAEL GLEN SIMMONS** | * | **CIVIL ACTION NO. 11-0212** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Before the court is the Commissioner's motion to reverse and remand this matter for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). [doc. # 14].[1] The government effectively concedes error, and seeks remand to permit the ALJ to obtain additional vocational expert testimony to address whether there are a substantial number of jobs in the national economy for an individual with plaintiff's vocational profile and residual functional capacity. Plaintiff does not oppose reversal, but contends that the matter should be remanded with instructions to award benefits. (Pl. Opp. Memo. [doc. # 19]).

The courts have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence was not substantial and the record clearly showed the claimant's right to benefits).

---

[1] The motion has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff argues that the ALJ's hypotheticals to the vocational expert were tainted by a definition of "moderate" limitation of mental functioning that is not supported by SSA form 4734-F4-SUP, from which the ALJ derived her residual functional capacity assessment. Plaintiff's counsel emphasizes that when SSA form 4734-F4-SUP is properly interpreted in accordance with the Program Operations Manual System and the regulations, it compels a definition of "moderate" that precludes the ability to perform all work. However, this court has recently declined to adopt counsel's thesis. *See Rey v. Astrue*, Civil Action No. 10-1847 (W.D. La.) (Jan. 10, 2012, R&R [doc. # 17]). Instead, the court recognized that "moderate" as contemplated on SSA form 4734-F4-SUP will range in severity from benign to significant, depending upon the degree and extent of the capacity or limitation set forth in the narrative portion of the form. *Id*. Thus, at a minimum, the ALJ's step five determination remains indeterminate, and the court is unable to conclusively determine that plaintiff is entitled to benefits. Plaintiff's opposition is overruled.

On remand, plaintiff and the agency may further explore the issues addressed herein or any other relevant matters. *See* 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."); *see also* SOCIAL SECURITY LAW AND PRACTICE, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand). Furthermore, counsel will be able to exercise his right to subpoena or propound written interrogatories to a psychologist or physician who used the term "moderate," to ensure that he or she understands the word in the same way as it is commonly defined by the ALJ(s). *See Lidy v. Sullivan*, 911 F.2d 1075 (5th Cir. 1990); POMS DI 29501.025 (authorizing written interrogatories). Alternatively, counsel could seek to have all opining psychologists

2

complete a Medical Source Statement of Ability to do Work-Related Activities (Mental), Form HA-1152-U3 (06-2006), which contains the definition of "moderate" used by the ALJs. This will ensure that everyone is working from the same definition(s) at each stage of the sequential evaluation process.

For the above-stated reasons,

**IT IS RECOMMENDED** that the Commissioner's motion to reverse and remand [doc. # 15] be **GRANTED**, and that his decision be **REVERSED** and **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent herewith.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 13th day of January 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE